FILED
United States Court of Appeals
Tenth Circuit

January 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDREW PADILLA,

       Plaintiff – Appellant,

v.

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYEES, Council 18,

       Defendant – Appellee.

No. 13-2080
(D.C. No. 1:11-CV-01028-JCH-KBM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Plaintiff Andrew Padilla appeals from the district court's grant of summary
judgment in favor of Defendant American Federation of State, County and Municipal
Employees ("AFSCME"), Council 18 ("Council 18") on his claims for violations of
the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act
("NMMWA"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Council 18 is a non-profit, statewide labor organization that represents employees in the New Mexico public sector. Padilla was elected to serve as Council 18's Council President, an executive officer position, by Council 18's union membership. He served in this capacity from 2007 to 2011. His duties, determined by Council 18's constitution and by-laws, consisted of presiding or attending various meetings concerning Council 18, reporting to union membership, signing checks, and reviewing financial reports. While serving as Council President, Padilla was employed full-time with the Bernalillo County Water Utility Authority ("Water Authority").

Padilla regularly performed his duties as Council President during regular work hours at the Water Authority and on weekends. He claims he worked in excess of forty hours per week performing Council 18 duties. He filed this action in November 2011, alleging he was an employee of Council 18 entitled to unpaid wages and overtime pay under the FLSA and unpaid wages and overtime pay under the NMMWA. The parties filed cross-motions for partial summary judgment and summary judgment under Fed. R. Civ. P. 56 on the issue of whether Padilla was an "employee" under the FLSA and NMMWA or was, instead, a volunteer.

II.

In making its determination of whether Padilla qualified as an "employee," the district court considered evidence of a lost-time payments policy ("Lost Time Policy") as provided in Council 18's Financial Standards Code. This policy provides

- 2 -

that payments can be made to officers or members as compensation for having to take uncompensated leave from their employment to perform union duties. According to Council 18, such payments operate as reimbursements for "lost time" and are designed to relieve, in part, the difficulties created by volunteerism. To receive payment from Council 18, individuals submit a Lost Time and Mileage Request Sheet, verifying the number of lost-time hours. Padilla submitted such forms and received payments at a rate of $25.04 per hour.[1] Council 18 argued that Padilla received payments for his presidential duties only in the context of the Lost Time Policy and that he was a volunteer, not an employee.

In support of its motion, Council 18 also proffered evidence establishing that in September 2011, AFSCME International expelled Padilla from Council 18. The expulsion was a result of an AFSCME International Judicial Panel case that found Padilla guilty of misappropriation and misuse of union funds in violation of the AFSCME International constitution. The judicial panel determined that Padilla requested and received "lost time payments" from Council 18 for hours for which he did not take uncompensated leave from his employment at the Water Authority. Padilla was ordered to make restitution to AFSCME in the amount of $29,284.32. Council 18 argued that Padilla "double-dipped," receiving wages from his employer (the Water Authority) and from Council 18 for hours that did not qualify as lost time.

---

[1]     The record demonstrates that Padilla's 2009 and 2010 W-2 tax statements reported wages from Council 18 in the amount of $22,832.70 and $41,359.98.

Padilla argued that Council 18 paid him wages for the hours he worked, which included, in part, hours for which he was also paid by the Water Authority. Padilla disputed that Council 18 adopted or followed the Lost Time Policy, alleging that other individuals were paid compensation allegedly under the Lost Time Policy even though such individuals did not take uncompensated leave from other employment. Accordingly, he argued that he was an "employee."

The district court determined that Padilla was a volunteer and not an "employee" of Council 18. In making this determination, the district court considered whether Padilla expected compensation for his service to Council 18. It relied, in part, on the analysis set forth in *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290 (1985), that distinguished employees from volunteers under the FLSA. The district court determined that Padilla was not economically dependent on Council 18 and did not receive wages for his services. It noted that the basis for Council 18's payments was the Lost Time Policy and it reasoned that because this was the source of the payment, "[Padilla] could not have expected to receive wages from Council 18, for time for which he was also paid by the Water Authority." App. at 242–43.

The district court also considered whether Padilla was an employee under a totality of circumstances approach based on objective facts, applying the factors of the "economic reality" test to determine if he was a statutory employee under the FLSA. *See Barlow v. C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012)

(identifying factors of economic reality test). It concluded that under this test Padilla was not an employee. The court found, among other things, that Council 18 did not exert control over Padilla's services, including his schedule and the amount of time spent on his presidential duties and, further, that Council 18 did not hire or fire Padilla.

Accordingly, the district court denied Padilla's motion for partial summary judgment and granted Council 18's motion for summary judgment on both the FLSA and NMMWA claims. This appeal followed.

III.

On cross-motions for summary judgment, we review the summary judgment record de novo, construing all inferences in favor of the party against whom summary judgment was obtained. *Allen v. Sybase, Inc.*, 468 F.3d 642, 649 (10th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Padilla argues generally that the district court erred in granting summary judgment in favor of Council 18 because under the economic reality test, he is an "employee" under the FLSA and the NMMWA. We have carefully reviewed the record, the briefs, and the relevant legal authority under a de novo standard of review. We agree with the district court's analysis, and conclude, as a matter of law, that Padilla is not an employee for purposes of the FLSA or NMMWA. We therefore

affirm the entry of summary judgment in favor of Council 18 for substantially the same reasons set forth in the district court's order dated March 28, 2013.

Entered for the Court


Gregory A. Phillips
Circuit Judge